UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOBBIE LEA WOLF | * | CIVIL ACTION NO. 08-4832 |
| VERSUS | * | SECTION "N" |
| CAL DIVE INTERNATIONAL, INC. | * | MAGISTRATE (1) |

## ORDER AND REASONS

Presently before the Court is a Motion to Increase Maintenance Payments (Rec. Doc. 5) filed by Plaintiff, Bobbie Lea Wolf. In support of her motion, Plaintiff alleges that Defendant, Cal Dive International, Inc., arbitrarily reduced the amount of maintenance that it was paying her from $92.84 per day to $25.00 per day. Specifically, Plaintiff contends that the reduction occurred solely because she filed this lawsuit. Arguing no valid rationale justifies the reduction, Plaintiff asks this Court to order that maintenance payments resume at the pre-suit daily rate.

An award of maintenance should equate to the reasonable cost of food and lodging for the seaman, living alone, in his or her respective city of residence, provided that these costs are actually incurred by the seaman. *Hall v. Noble Drilling Inc.*, 242 F.3d 582, 587-88 (5th Cir. 2001). In determining the amount to be awarded, the Court considers evidence of the plaintiff's actual costs

of living in that locality in comparison with the reasonable rate for such costs. *Id.* at 590.[1] If a seaman's costs are greater than the reasonable rate, he or she gets only the reasonable rate. On the other hand, if the seaman's actual costs are less than the reasonable rate, he or she is awarded only the actual lesser amount unless the Court determines that the actual amount of costs incurred is not adequate to provide reasonable food and lodging,

A plaintiff's burden in establishing reasonable maintenance is "feather light." *Id.* at 588. Here, however, Plaintiff has provided this Court with no evidence of her actual food and housing expenses. Thus, in the absence of Defendant's acknowledgment and payment of maintenance of $25 per day, Plaintiff, based on the evidence before the Court, would not be entitled to any award of maintenance. *Id.* at 590 (maintenance not recoverable if plaintiff presents no evidence of actual expenses).

With respect to maintenance in excess of $25 per day, the mere fact that Defendant initially chose to pay Plaintiff a supplemental voluntary advance, in addition to maintenance, is not determinative. Indeed, Plaintiff's signature on documents attached to Defendant's opposition memorandum acknowledges Defendant's right to stop payment of the supplemental amount at any

---

[1] "A seaman need not present evidence of the reasonable rate; a court may take judicial notice of the prevailing rate in the district." *Hall*, 242 F.3d at 590.

time.[2]  Hence, on the showing made, the Court does not find the $25 per day amount of maintenance presently being paid by Defendant to be unreasonable.[3]

Accordingly, **IT IS ORDERED** that Plaintiff's Motion To Increase Maintenance Payments is **DENIED**.

New Orleans, Louisiana, this ___13th___ day of February 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2] *See* Exhibits A and B to Opp. (Rec. Docs. 11-2 and 11-3).

[3] *Compare, e.g. Hall*, 242 F.3d at 591 (maintenance of approximately $30 per day was reasonable and supported by evidence of actual costs incurred).